**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4753**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DENISE COIT-ALSTON,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:23-cr-00077-D-1)

---

Submitted:  June 27, 2024                            Decided:  July 16, 2024

---

Before GREGORY, THACKER, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Charles R. Brewer, Asheville, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denise Coit-Alston appeals her conviction following her guilty plea, pursuant to a written plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349. On appeal, Coit-Alston argues that the plea agreement is unenforceable and, thus, that her guilty plea is invalid, because the magistrate judge[*] did not adequately comply with Fed. R. Crim. P. 11. She further asserts that her former attorney ("plea counsel") rendered ineffective assistance by failing to object to the sufficiency of the plea colloquy. We affirm.

Because Coit-Alston did not move to withdraw her plea or otherwise object to the plea hearing in the district court, our review is for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "Under the plain error standard, this [c]ourt will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, [s]he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted).

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal

---

[*] Coit-Alston consented to proceed before a magistrate judge.

2

quotation marks omitted).  "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness."  *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (brackets and internal quotation marks omitted).  Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines she understands, the rights she is relinquishing by pleading guilty, the charges to which she is pleading, and the maximum and any mandatory minimum penalties she faces.  Fed. R. Crim. P. 11(b)(1).  The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3).  Any variance from the requirements of Rule 11 "is harmless error if it does not affect substantial rights."  Fed. R. Crim. P. 11(h).

Coit-Alston specifically asserts that the magistrate judge did not adequately comply with Fed. R. Crim. P. 11(b)(1)(N), which requires the district court to "inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."  However, the record shows the magistrate judge confirmed that Coit-Alston had read the entire plea agreement, had discussed it with her attorney, and understood each of its terms.  The magistrate judge also accurately summarized the terms of the appeal waiver and explicitly confirmed that Coit-Alston understood its terms.  This colloquy satisfied the requirements of Rule 11(b)(1)(N).

3

Coit-Alston further argues that plea counsel rendered ineffective assistance by failing to object to the sufficiency of the Rule 11 hearing. We review de novo an ineffective assistance of counsel claim made on direct appeal but "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (alterations and internal quotation marks omitted). The record here does not conclusively show plea counsel rendered ineffective assistance. Accordingly, Coit-Alston's ineffective assistance claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*